Judith Z. Gold (Bar No. 97098)
Dale Rice (Bar No. 146249)
Aaron M. Armstrong (Bar No. 197301)
E-Mail: aaron.armstrong@hellerehrman.com
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268

Attorneys for Plaintiff
THOMAS FLOYD BRISSETTE, SR.

BILL LOCKYER
Attorney General of the State of California
VIRGINIA I. PAPAN (Bar No. 143659)
Deputy Attorney General
E-Mail: gina.papan@doj.ca.gov
California Department of Justice
Office of the Attorney General
445 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
Telephone:  (415) 703-5956
Facsimile:  (415) 703-5843

Attorneys for Defendants
DWIGHT D. WINSLOW, M.D.,
and E. ALLEN, M.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS FLOYD BRISSETTE, SR.,<br><br>Plaintiff,<br><br>v.<br><br>ALAMEIDA, ET AL.,<br><br>Defendants. | Case No.: C 03-0200 VRW<br><br>**SUBSEQUENT JOINT CASE MANAGEMENT STATEMENT AND STIPULATED REQUEST FOR ORDER EXTENDING FACT DISCOVERY CUT-OFF AND CONTINUING CONFERENCE TO FEBRUARY 2006**<br><br>Date:         December 20, 2005<br>Time:         9:00 a.m.<br>Courtroom:    6<br>Trial Date:   Not set.<br><br>The Honorable Vaughn R. Walker |

The parties to the above-entitled action jointly submit this Subsequent Case Management Statement and Stipulation requesting an order extending the fact discovery cut-off by approximately two months, from December 29, 2005 to February 28, 2006, and continuing the upcoming conference from December 20, 2005 to late-February 2006.

Although the parties have completed most of their fact discovery, recent events

beyond the parties' control (Plaintiff's serious illness and a witness's military commitment) have delayed the scheduling of two vital depositions. Additionally, the medical staff at Pelican Bay State Prison has scheduled a sleep study for Plaintiff on December 12, 2005, for purposes of evaluating his alleged narcolepsy condition. Since the central issue in the case concerns Defendants' alleged failure to provide narcolepsy medication to Plaintiff, the parties believe outstanding fact discovery should be postponed pending the results of the sleep study. That testing may also necessitate the deposition of the non-party doctor who renders the diagnosis.

## I.   BACKGROUND AND PROCEDURAL STATUS
### A.   Case Overview

This is a prisoner's civil rights action brought under 42 U.S.C. § 1983, in which Plaintiff alleges deliberate indifference to his serious medical needs. In particular, Plaintiff claims that he suffers from narcolepsy, and that Defendants unjustifiably have prevented Plaintiff from receiving medication (or other treatment) for the condition since August 2000. Defendants deny liability on the grounds that Plaintiff's narcolepsy diagnosis is questionable.

### B.   Fact Discovery Completed To Date

Pursuant to case management deadlines previously set by the Court, the parties exchanged initial disclosures on August 12, 2005, and in September 2005, completed the depositions of both Defendants (Drs. Allen and Winslow) and Dr. Douglas. Defendants have also responded to Plaintiff's document requests, interrogatories and requests for admissions, and have produced approximately 2,000 pages of responsive materials, including Plaintiff's prison health records.[1]

---

[1] In order to avoid the need for additional depositions and possible trial witnesses, Defendants have agreed to provide an authenticating declaration from the custodian of records for Plaintiff's prison medical file ("Unit Health Record"), and to stipulate to the authenticity of those records for purposes of trial.

## II. EVENTS NECESSITATING ADDITIONAL TIME FOR FACT DISCOVERY

### A. Plaintiff's Recent Lymphoma Diagnosis And Ongoing Chemotherapy Treatments.

Although the parties had originally scheduled Plaintiff's deposition for September 16, 2005, Plaintiff was diagnosed with a serious form of "B-type" lymphoma a few weeks before his deposition. Since that time, Plaintiff has been receiving ongoing chemotherapy treatments at a cancer treatment center in Eureka. It is difficult to reschedule Plaintiff's deposition without disrupting his current treatment plan, and because his ability to testify on any particular day is unpredictable due to the side effects of the chemotherapy treatments. Accordingly, the parties need to postpone Plaintiff's deposition until his current round of chemotherapy treatments ends, and counsel can be relatively certain that Plaintiff will be at the prison and not sick on the date selected.

### B. The Pelican Bay Medical Staff's Decision To Perform A Sleep Study.

Prison medical staff recently made arrangements for Plaintiff to undergo a sleep study on December 12, 2005, to determine whether he has narcolepsy. The results of that testing may help to resolve this litigation. Thus, the parties believe further fact discovery should be postponed until the test results are available. In addition, Plaintiff has not had any input on the selection of the sleep study provider, or the type of testing that will be administered. Accordingly, the parties agree that Plaintiff should have an opportunity to depose the doctor who oversees the sleep study and makes the diagnosis, if Plaintiff so desires after reviewing the test results.

### C. Deposition of Dr. Samuel Ruben

The parties had also scheduled the deposition of Dr. Ruben during the week of September 12, 2005, but Dr. Ruben was unavailable because he was called up for National Guard duty and sent to Louisiana to assist in Hurricane Katrina relief efforts. Although Dr. Ruben has since returned, the parties believe his deposition should also be postponed pending the results of Plaintiff's sleep study and the rescheduling of Plaintiff's deposition.

1  That would allow the parties to set both depositions for the same week in Crescent City.[2]

**D.   ADR**

The parties may be willing to participate in mediation before a federal Magistrate Judge following review of the sleep study results and completion of the discovery described above.

December 6, 2005                    Respectfully submitted,

                                    HELLER EHRMAN LLP

                                    By _____/s/_____
                                           AARON M. ARMSTRONG

                                    Attorneys for Plaintiff
                                    THOMAS FLOYD BRISSETTE, SR.


                                    BILL LOCKYER, CALIFORNIA ATTORNEY
                                    GENERAL


                                    By _____/s/_____
                                           VIRGINIA I. PAPAN
                                           Deputy Attorney General

                                    Attorneys for Defendants
                                    DWIGHT D. WINSLOW, M.D.,
                                    and E. ALLEN, M.D.

---

[2] Dr. Ruben is an important witness because Defendants allege that he was involved in the decision to discontinue Plaintiff's narcolepsy medication.

4

**STIPULATION AND [PROPOSED] ORDER**

For the foregoing reasons, the parties hereby stipulate as follows:

1. The fact discovery cut-off is extended to February 28, 2006.

2. The further case management conference currently set for December 20, 2005, is continued to a date to be determined by the Court in late-February 2006.

SO AGREED.

December 6, 2005                         HELLER EHRMAN LLP

                                         By _____/s/_____
                                              AARON M. ARMSTRONG

                                         Attorneys for Plaintiff BRISSETTE


December 6, 2005

                                         BILL LOCKYER, CALIFORNIA ATTORNEY GENERAL

                                         By _____/s/_____
                                              VIRGINIA I. PAPAN
                                              Deputy Attorney General

                                         Attorneys for Defendants ALLEN and WINSLOW


PURSUANT TO STIPULATION, IT IS SO ORDERED.

The fact discovery cut-off is extended to February 28, 2006.  The Subsequent Case Management Conference set for December 20, 2005, is continued to 2/28/06 AT 9:00 a.m.

DATED: December 13, 2005

                                         _____
                                         The Honorable Vaughn R Walker
                                         UNITED STATES DISTRICT JUDGE