1  BILL LOCKYER
   Attorney General of the State of California
2  JAMES M. HUMES
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Supervising Deputy Attorney General
5  VIRGINIA I. PAPAN, State Bar No. 143659
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone:  (415) 703-5956
     Fax:  (415) 703-5843
8    Email:  Gina.Papan@doj.ca.gov

9  Attorneys for Defendants Dwight W. Winslow, M.D.
   and Everett Allen, M.D.

Judith Z. Gold (Bar No. 97098)
Dale Rice (Bar No. 14249)
Aaron M. Armstrong (Bar No. 197301)
E-Mail:
aaron.armstrong@hellerehrman.com
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

Attorney for Plaintiff
Thomas Floyd Brissette, Sr.,

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS FLOYD BRISSETTE, SR.,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD ALAMEIDA, et al.,<br><br>Defendants. | C-03-0200 VRW (PR)<br><br>**JOINT STIPULATED REQUEST FOR ORDER EXTENDING FACT DISCOVERY CUT-OFF, EXPERT DISCLOSURE & EXPERT DEPOSITION DATES TO COMPLETE A NON-PARTY DEPOSITION; [~~PROPOSED~~] ORDER**<br><br>Dispositive Hearing Date: June 22, 2006<br>Pretrial Conference:        July 18, 2006<br>Trial Date:                       August 7, 2006<br>Judge:  The Honorable Vaughn R. Walker |

    The parties to the above-entitled action jointly submit this Stipulation requesting an order extending their previously stipulated May 26, 2006 expert disclosure date, the June 2, 2006 fact discovery cut-off, and the deadline for expert depositions by approximately three to four weeks, to complete the deposition of a non-party doctor who performed Plaintiff's multiple sleep latency test.

///

Jt. Stip. of Parties Requesting EOT & [Proposed] Order        *Thomas Floyd Brissette v. Edward Alameida, et al.*
                                                                                                    C-03-0200 VRW (PR)

1

Although the parties have completed most of their fact discovery, they have yet to take the deposition of the contract physician, Dr. Eric Overland, of Medford, Oregon, who performed Plaintiff's multiple sleep latency test.[1] Dr. Overland's recent test evaluated the central issue in this case, whether or not, Plaintiff has narcolepsy. Written test results have been provided to both parties necessitating the deposition of Dr. Overland. Dr. Overland's report states:

> "Mr. Brissette has a history for and meets polysomnographic, and multiple sleep latency testing criteria for narcolepsy. We will communicate with the medical officers at Pelican Bay State Prison to discuss medical therapy for this."

Therefore, the parties request an extension of the above-mentioned discovery deadlines.

## I. BACKGROUND AND PROCEDURAL STATUS

### A. Case Overview

This is a prisoner's civil rights action brought under 42 U.S.C. § 1983, in which Plaintiff alleges deliberate indifference to his serious medical needs. Plaintiff claims that he suffers from narcolepsy, and that Defendants prevented Plaintiff from receiving medication (or other treatment) for the condition since August 2000. Defendants deny any and all liability.

### B. Fact Discovery Completed To Date

Pursuant to case management deadlines previously set by the Court, the parties exchanged initial disclosures on August 12, 2005, and have since completed the depositions of Plaintiff, both Defendants (Drs. Allen and Winslow), and non-parties Drs. Douglas and Ruben. Defendants also responded to Plaintiff's document requests, interrogatories, and requests for admissions, and have produced approximately 2,000 pages of responsive materials, including Plaintiff's prison health records.

The parties previously stipulated that the deadline for making expert disclosures pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure be extended up to and including May 26, 2006.

---

1. Dr. Overland is a partner in the Sleep Disorder Clinic. Neither prison medical staff nor the California Department of Corrections and Rehabilitation have control over Dr. Overland's schedule because he is a contract physician.

## II. EVENTS NECESSITATING ADDITIONAL TIME FOR FACT DISCOVERY AND EXPERT DISCLOSURES.

Plaintiff's Polysomnogram sleep study conducted on January 10, 2006, was inconclusive in determining whether Plaintiff has narcolepsy. As such, prison medical staff made arrangements for Plaintiff to undergo a second Polysomnogram and Multiple Sleep Latency Test on March 1, 2006. The results of that testing conducted by Dr. Overland were provided to both parties on or about March 15, 2006. It was hoped that the results would help to resolve this litigation, but the parties need to depose Dr. Overland to question the type of testing done, to interpret the result of the test, and to obtain his opinion as to Plaintiff's condition. Both parties spent several weeks trying to contact Dr. Overland to set up a date for his deposition. Dr. Overland has been completely out of contact with his office for the past three weeks. After calling Dr. Overland's office several times to ask for a convenient deposition date, and without receiving any response from Dr. Overland, Plaintiff's counsel served a subpoena to Dr. Overland's mailing address on May 1, 2006, setting his deposition for May 22, 2006. Dr. Overland returned to work at the Sleep Disorder Clinic in Medford, Oregon on May 15, 2006. On May 16, 2006, defense counsel finally was able to make contact with Dr. Overland, who agreed to appear for deposition on June 20, 2006. Thus, the parties request that the Court extend the current June 2, 2006 discovery cut-off by four weeks to June 30, 2006. For the same reasons, the parties request an extension of the deadline for expert disclosures to July 3, 2006 and deadline for expert depositions to July 14, 2006. This will permit completion of Dr. Overland's deposition, and consideration of his testimony for purposes of expert disclosures and further settlement discussions.[2]

///

///

---

2. Although the Court previously set May 18, 2006 as the last day to file dispositive motions, Defendants have advised Plaintiff's counsel that following Dr. Overland's deposition, they will seek leave of Court to file a dispositive motion in this matter. Plaintiff has no objection to such a request for leave, provided Dr. Overland's testimony reveals valid grounds for a motion. Dr. Overland's June 20, 2006 deposition date prohibits Defendants from meeting the current dispositive motion deadline.

Jt. Stip. of Parties Requesting EOT & [Proposed] Order     *Thomas Floyd Brissette v. Edward Alameida, et al.*
C-03-0200 VRW (PR)

3

III. **ADR**

The parties are willing to participate in a settlement conference before a federal Magistrate Judge following completion of the discovery described above.[3]

**STIPULATION AND [~~PROPOSED~~] ORDER**

For the foregoing reasons, the parties hereby stipulate as follows:

1. The fact discovery cut-off is extended to June 30, 2006.
2. The expert disclosure deadline is extended to July 3, 2006.
3. Deadline for expert depositions is July 14, 2006.

SO AGREED.

May 18, 2006                                      HELLER EHRMAN LLP


By_____/s/_____
    AARON M. ARMSTRONG
    Attorney for Plaintiff BRISSETTE


May 18, 2006                                      BILL LOCKYER,
                                                  CALIFORNIA ATTORNEY GENERAL


By _____/s/_____
    VIRGINIA I. PAPAN
    Deputy Attorney General
    Attorneys for Defendants
    ALLEN and WINSLOW

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: May 24, 2006                               _____
                                                  The Honorable Vaughn R. Walker
                                                  UNITED STATES DISTRICT JUDGE

*[Stamp: IT IS SO ORDERED / Judge Vaughn R Walker / United States District Court, Northern District of California]*

---

3. Defendants believe that an additional case management conference may be necessary to revisit dispositive motions, settlement conference, pretrial conference, and trial dates. Plaintiff has no objection to such a conference.

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Thomas Floyd Brissette v. Edward Alameida, et al.**

Case No.:    **C-03-0200 VRW (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004.

On May 18, 2006, I served the attached

### JOINT STIPULATED REQUEST FOR ORDER EXTENDING FACT DISCOVERY CUT-OFF, EXPERT DISCLOSURE & EXPERT DEPOSITION DATES TO COMPLETE A NON- PARTY DEPOSITION; PROPOSED ORDER

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, California, addressed as follows:

Aaron M. Armstrong, Esq.
Heller Ehrman White & McAuliffe LLP - San Francisco
333 Bush Street, 34th Floor
San Francisco, CA 94104-2878
Attorney for Thomas Floyd Brissette, Sr.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on May 18, 2006, at San Francisco, California.

|  |  |
|---|---|
| _____L. S. Ward_____ | _____[signature]_____ |
| Declarant | Signature |

20048301.wpd